SAMUEL H. PECKHAM *versus* THE TRUSTEES OF
THE MINISTERIAL FUND OF THE NORTH PARISH
IN HAVERHILL.

By *St.* 1822, *c.* 77, incorporating the trustees of the ministerial fund of a parish, it was enacted, that the income of the fund might be appropriated to the payment of the salary of the minister, and might be placed in the hands of the parish treasurer annually for that purpose, provided the parish should vote the appropriation ; and if the parish should not annually so appropriate the whole or any part of the income, the whole or the part unappropriated should be annually added to the principal. On the settlement of a minister a committee of the parish agreed to pay him annually for his services the whole income of the fund, promising that it should amount to a certain sum annually, and that the contract should be binding on the parish until he should be dismissed by a mutual ecclesiastical council ; and the parish thereupon voted to approve of the doings of the committee, and to appropriate the income of the fund to his support. The next year they voted to appropriate the income to his support, but the third year they voted not to appropriate it to that purpose. It was *held*, that the votes at the time of the settlement of the minister were not intended to be a grant of the income of the fund for the period during which he should continue to be their minister ; that such a grant would not have been lawful under the statute ; and that his remedy for his salary was against the parish, and not against the trustees.

ASSUMPSIT by the plaintiff, as the settled minister of the North Parish in Haverhill, to recover the income, for 1835, of the ministerial fund of that parish. Trial before *Shaw* C. J.

It appeared that the North Parish in Haverhill and the Congregational Society in Plaistow are united, for many purposes, and have but one meetinghouse, which is within the limits of Plaistow ; and that the plaintiff officiated in this meetinghouse from the time of his settlement to the time of the trial.

The plaintiff introduced certain votes from the parish records.

January 15th, 1831, voted, to unite with the Congregational Society in Plaistow, to invite Rev. Samuel H. Peckham to become their minister.

Voted, to appropriate the income of the parish fund for his support.

Voted, to choose a committee to unite with the society in Plaistow, to engage the Rev. S. H. Peckham to be their minister.

Peckham
*v.*
Trustees
&c. of N.
Parish in
Haverhill.

On the 3d of February, 1831, the respective committees of the parish in Haverhill and of the society in Plaistow, joined in a communication to the plaintiff, in which they "agree to give and promise to pay the said Peckham annually for his services as minister aforesaid, the whole income of the parsonage funds belonging to the said parish and society, which income shall be $ 285 annually, also the free use and occupancy of their parsonage lands and buildings," and that he shall receive $ 60 from the society ; "and this contract shall be binding on said parish and society, until the said Peckham shall be dismissed by a mutual ecclesiastical council." On the 5th of February the plaintiff accepted these proposals. It did not appear that they were acted upon distinctly by the parish. The plaintiff was installed in the same month of February.

At a meeting on the 9th of April, 1831, on a warrant to see "if the parish will approve the doings of their committee in settling a minister without the consent of the parish, and to see if the parish will expend the income of their fund," it was voted " to appropriate the income of the parish fund to the support of Rev. S. H. Peckham " ; and " to approve of the doings of the committee in settling Rev. S. H. Peckham."

At a meeting on the 10th of April, 1832, it was voted to appropriate the income of the parish fund to the support of the plaintiff.

At a meeting on the 10th of April, 1833, it was voted, "not to raise money the present year " ; " not to appropriate the income of the ministerial fund to the support of Rev. S. H. Peckham " ; and " to dissolve the ministerial connexion which is represented to exist between the North Parish in Haverhill and Rev. S. H. Peckham."

On a warrant for a meeting on the 20th of March, 1834, containing " Article 9. To act on the petition &c. to see if the parish will vote to appropriate the income of the parish fund for the current municipal year ending in April," and an article, " To see how much money the parish will raise and how it shall be appropriated," it was voted, " not to raise money the year ensuing," and " to pass over the 9th article in the warrant."

At a meeting on the 27th of March, 1835, it was voted "to

Peckham
*v.*
Trustees
&c. of N.
Parish in
Haverhill.

raise no money " ; and to appropriate two thirds of the income of the parish fund for preaching, the present year."

At a meeting in 1836, on a warrant containing an article, " To see what money the parish will raise, and how it shall be collected and appropriated ", it was voted to pass over this article.

John Brickett junior testified, that he had been parish treasurer for the last three years, and that he still held the office ; that no money was paid for supplies of preaching for the years 1834, 1835 or 1836 ; and that since he had been parish treasurer no part of the income of the ministerial parish fund had come to him as treasurer. He verified a written demand made on him by the plaintiff on April 1st, 1836, for $ 285, as one year's income of the fund, and for $ 40, as one year's rent of the parsonage, and requiring him to call on the treasurer of the fund for the income.

The plaintiff also proved a demand made on the treasurer of the ministerial fund to pay the income to the plaintiff, or to the parish treasurer for the benefit of the plaintiff.

The plaintiff received the income of the ministerial fund to 1833, but not since that year.

It was proved that this fund consisted chiefly of the proceeds of the sales of lands held by the parish until 1823, and sold in 1823, in pursuance of *St.* 1822, *c.* 77, by which the defendants were incorporated ; that at the time when that statute was enacted, there was no settled minister in the parish ; and that the society in Plaistow have some funds.

A nonsuit was entered, subject to the opinion of the whole Court.

The statute of 1822, which was made a part of the case, provides, in § 4, that the trustees may hold property to a limited amount, " in trust, for the support and maintenance of the congregational gospel minister of said parish " ; and during the settlement of " such ordained minister " the whole or any part of the income of the fund may be appropriated " to the payment of the salary of the minister, and may be placed in the hands of the parish treasurer, annually, for that purpose ; provided the parish, at a legal meeting, shall vote the appropriation ; and if the parish do not, during said settlement, annually

Peckham
v.
Trustees
&c. of N.
Parish in
Haverhill.

appropriate the whole or any part of said fund, for said use of the minister, or ministry, then the same, or any part thus unappropriated, shall annually be added to the principal or capital fund " ; — in § 6, that the fund shall be unalienable and the principal " shall never, in any part, be expended, but always be kept entire " ; provided nevertheless, that whenever the annual income shall exceed $ 450, the parish may appropriate the surplus to other parochial purposes than the payment of the minister ; and in § 9, that the trustees shall be amenable to the parish for negligence or misconduct in the management or disposition of the fund, whereby the same shall be impaired, and the inhabitants of the parish may have an action against the proper persons of the trustees for such negligence or misconduct, and any sum recovered as damages therefor shall be for the benefit of the fund and be paid accordingly.

*Nov. 9th.*

*Choate*, for the plaintiff, contended that the votes of the parish in 1831, amounted to a grant, irrevocable, of the income of the fund, to the plaintiff, for the period during which he should continue to be their minister. *Fisher* v. *Miller*, 1 Bingh. 150 ; Bac. Abr. *Grant, F;* ibid. *Lease, K; Poole* v. *Bentley*, 12 East, 168 ; *Curtis* v. *Norris*, 8 Pick. 280 ; *Watson* v. *Duke of Wellington*, 1 Russ. & Mylne, 602 ; *Yeates* v. *Groves*, 1 Ves. jun. 280 ; *Adams* v. *Robinson*, 1 Pick. 462 ; *Ex parte Alderson*, 1 Madd. Ch. R. 53 ; *Lett* v. *Morris*, 4 Simon, 607 ; *Ex parte South*, 3 Swanst. 392 ; *Row* v. *Dawson*, 1 Ves. sen. 331. And that there was evidence of an assent on the part of the trustees, to the appropriation made by the parish, which would enable the plaintiff to maintain an action for money had and received against the trustees. *Hall* v. *Marston*, 17 Mass. R. 575 ; *Mason* v. *Waite*, 17 Mass. R. 563 ; *Allen* v. *M'Keen*, 1 Sumner, 317 ; *Scott* v. *Surman*, Willes, 400 ; *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 243.

*Minot*, for the defendants.

*May term, 1838.*

WILDE J. delivered the opinion of the Court. This is an action of assumpsit brought by the settled minister of the North Parish in Haverhill, against the trustees of the parish fund, they being a body politic and corporate by virtue of the act of 1822, c. 77. The action is founded on a vote of the parish

Peckham
v.
Trustees
&c. of N
Parish in
Haverhill

at the time of the plaintiff's settlement, to give and appropriate to his use the income of the parish fund, which it was agreed should amount to $285, and the use of the parsonage. The plaintiff's counsel contend that this vote amounts to a grant of the income of the parish fund, and that the assent of the defendants is to be inferred, or that the law will imply a promise on their part to pay over any money in their hands received as income of the fund, to the plaintiff, he being entitled to the same by virtue of the parish grant. Whether this vote amounts to a grant of the income of the parish fund, or to an executory contract binding only on the parish, depends on the intention of the contracting parties as manifested by the language of the vote, the nature of the contract, and the construction of the act incorporating the trustees of the parish fund. It seems that the parish did not consider their vote as a grant of the income of the fund, for they appropriated it from year to year, for several years after the plaintiff's settlement, to his use. And the vote has been so treated by the plaintiff, for he has brought several actions upon it as on an executory contract. And this, as it appears to us, is the most obvious construction of the vote. It is a promise to give and appropriate the income of the fund, and to make it equal to $285, if short of that sum, and is not to be understood as a present grant.

And we think, according to the true construction of the act of 1822, c. 77, the parish had no right to make a grant of the income to the plaintiff for life or during the continuance of his ministry. The fund and the income were vested in the trustees ; and by the 6th section they were prohibited from alienating any part of the capital fund, but they were allowed to apply the interest or income, if the parish should so direct, for the support of a regular ordained gospel minister, until it should amount to the sum of $450 *per annum* ; after which the surplus income over that sum was allowed to be applied for other parochial purposes, if the parish should so direct. The parish, therefore, had manifestly no right to make a grant of the income of the fund, especially to operate *in futuro*. They might direct the trustees to make an appropriation according to the terms of the statute ; but the effectual appropriation was to be made by the trustees. By the 9th section the trustees are

Peckham
*v.*
Trustees
&c. of N.
Parish in
Haverhill.

to be amenable to the inhabitants of the parish for negligence or misconduct in the management or disposition of the trust fund ; and the parish are authorized to maintain an action therefor, which is be for the benefit of the fund.

Upon the whole matter, it is sufficiently clear, that the parish never intended to make a grant of the income of the fund, nor had they any power or right to make a valid grant of it ; and consequently their vote must be considered as an executory contract, upon which the parish only is liable. Between the present parties there is no privity of contract, nor can a promise on the part of the defendants be inferred from the facts reported.

Judgment therefore must be rendered on the nonsuit which was entered at the trial.